W. I. PRATT, Respondent, v. LOUIS LERMAN, Appellant.

Third Department, July 7, 1921.

**Depositions — action by non-resident indorsee of promissory notes to recover thereon — defense of fraud in execution and knowledge thereof by plaintiff — application by plaintiff for commission to take his testimony denied where he does not show good faith.**

In an action by a non-resident indorsee of promissory notes to recover thereon, in which the defendant alleges that the notes were procured through artifice and fraud, stating the circumstances tending to show the same, and that the transfer was made to the plaintiff collusively and with his knowledge of the facts under which the notes were procured from the defendant, an application by the plaintiff for a commission to take his testimony, which is opposed on the ground that the application is not made in good faith, should be denied where the plaintiff makes no substantial reply, except his own conclusion that he purchased the notes in good faith and without knowledge of any fraud practiced on the defendant, and fails to state how much he paid for the notes or give any explanation of the circumstances as to how he became the purchaser or his reason for so purchasing them or why he seeks redress against the maker of the notes in this State rather than against the indorser who resides in his home city in the State of his residence.

While the question on an application for a commission is not the good faith of the action but of the application, still if the plaintiff took the notes and instituted an action thereon in bad faith, such bad faith almost necessarily permeates and taints the application for a commission, because it is not improbable that a fraudulent plaintiff would seek to consummate his fraud by means of a commission rather than to subject himself to an examination in the presence of those who are to determine the question of his good faith.

JOHN M. KELLOGG, P. J., dissents.

APPEAL by the defendant, Louis Lerman, from an order of the county judge of Madison county, entered in the office of the clerk of said county on the 29th day of January, 1921, directing that a commission issue to examine the plaintiff without the State upon interrogatories to be annexed.

*D. C. Burke*, for the appellant.

No brief for the respondent.

COCHRANE, J.:

The action is brought on six promissory notes for sixty-two dollars each, executed by the defendant to the order of the

Brenard Manufacturing Company and indorsed by said company and delivered to the plaintiff before maturity. The plaintiff, a resident of the State of Iowa, has procured an order directing that a commission be issued to take his testimony. From said order the defendant appeals on the ground that the application therefor is not made in good faith. (Code Civ. Proc. § 889.) The defendant alleges that the manufacturing company procured said notes to be executed by him through artifice and fraud; that he understood them to be part of an arrangement whereby he was to become an agent of said company for the sale of phonographs and that the purpose of the notes was to show that goods ordered by him were to be payable in installments; that they were so represented to him by the agent of the company and that he did not sign them with the understanding that they were promissory notes, and that they were without consideration. He also alleges that the transfer to the plaintiff was collusive and that plaintiff had knowledge of the facts under which the notes were procured from the defendant and that he is not a *bona fide* holder for value. The circumstances on which the defendant relies to connect the plaintiff with the alleged fraud of the company is that said company has its principal place of business and conducts its operations from the same city in the State of Iowa where the plaintiff resides; that he has frequently brought actions for collection of similar notes of the company claiming to be the purchaser thereof without notice; and that there is no reason why the plaintiff if acting in good faith could not collect the notes against the indorser in his home State without proceeding against the defendant in a distant State. To these allegations the plaintiff makes no substantial reply except his own conclusion that he purchased the notes in good faith and without knowledge of any fraud practiced on the defendant. His affidavit is evasive and unsatisfactory. He says he paid value for the notes which would be true if he had paid an infinitesimally small amount therefor. There is no statement as to how much he paid nor explanation of the circumstances as to how he became the purchaser nor the reason for so purchasing them; nor is there any explanation of why he seeks redress against the maker of the notes in this State rather than against the indorser in his

home city in the State of his residence. Explanation of these facts and circumstances will be required of him in the execution of the commission which he has procured and it is only right that he should give his explanation in his application for such commission so that the defendant and the court may be enlightened on the question of his good faith. The facts should be stated so that the court rather than himself may determine whether he has acted in good faith and whether his conduct in respect to the transaction is free from the taint of fraud which is alleged against his transferer. It is true that the question here is not the good faith of the action but of the application for the commission. But if the plaintiff took the notes and instituted an action thereon in bad faith such bad faith almost necessarily permeates and taints the application for a commission because it is not improbable that a fraudulent plaintiff would seek to consummate his fraud by means of a commission rather than to subject himself to the test of an examination in the presence of those who are to determine the question of his good faith. It is quite true that an innocent plaintiff would naturally seek to avoid the expense of a journey to attend a trial in this State and that is a circumstance to be considered in the plaintiff's favor in connection with other circumstances. Our criticism of his present attitude is that the defendant having made a direct attack on the sincerity of this application, fortifying such attack by facts, the plaintiff should meet such facts by explanation or the statement of other facts and circumstances within his knowledge so that the court may intelligently determine that his application for this commission is made in good faith.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the application denied, with ten dollars costs, with leave to the plaintiff to renew the same if so advised.

All concur, except JOHN M. KELLOGG, P. J., dissenting.

Order reversed, with ten dollars costs and disbursements, and application denied, with ten dollars costs, with leave to the plaintiff to renew the same if so advised.